No serious doubt exists that Richard Ranson participated in the break-in at the Groveport Pharmacy on September 13, 2000. As a result, he is clearly guilty of several offenses. Unfortunately, a jury found him guilty of even more offenses, some of which I believe the evidence does not support. As a result, I belie ve that the first assignment of error should be sustained.
After the burglar alarm went off at the Groveport Pharmacy, members of the Groveport Police Department responded promptly. They saw three burglars flee, first on foot and then in a van. Richard Ranson was in the passenger seat of the van when it drove away. The evidence at trial indicated that he never left that passe nger seat.
Richard Ranson never drove the van and he never took any action which endangered the pursuing police officer. The man who threw a seat out of the back of the van and thereby risked harm to the officer was David O'Dell. Mr. O'Dell was sentenced to one-third the number of years of incarceration imposed upon Richa rd Ranson originally.
The man who drove the van, ramming the police cruisers and fleeing recklessly was David Elkins. David Elkins resisted arrest and w as forcibly subdued after the chase was over.
Richard Ranson did nothing but sit in the passenger seat while Mr. O'Dell and Mr. Elkins engaged in their forceful misconduct. Richard Ranson stayed in the passenger seat after the chase was over and was apprehended without incident.
Because Richard Ranson used no force himself and encouraged no one else to use force, he is guilty of no criminal offense involving force. As a result, he is guilty of theft and/or complicity in theft, but no robbery or aggravated robbery. He is also not guilty of felonious assault.
The majority of this panel acknowledges that the evidence before the trial court does not support guilty verdicts for robbery, aggravated robbery or felonious assault. However, they find that the evidence was sufficient to support a finding of complicity in robbery, aggravated robbery and felonious assault. I disagree.
"Complicity" is defined in R.C. 2923.03 as follows:
 (A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:
(1) Solicit or procure another to commit the offense;
(2) Aid or abet another in committing the offense;
 (3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;
 (4) Cause an innocent or irresponsible person to commit the offense.
 (B) It is no defense to a charge under this section that no person with whom the accused was in complicity has been convicted as a principal offender.
 (C) No person shall be convicted of complicity under this section unless an offense is actually committed, but a person may be convicted of complicity in an attempt to commit an offense in violation of section 2923.02 of the Revised Code.
 (D) If an alleged accomplice of the defendant testifies against the defendant in a case in which the defendant is charged with complicity in the commission of or an attempt to commit an offense, an attempt to commit an offense, or an offense, the court, when it charges the jury, shall state substantially the following:
 "The testimony of an accomplice does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 It is for you, as jurors, in the light of all the facts presented to you from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth."
 (E) It is an affirmative defense to a charge under this section that, prior to the commission of or attempt to commit the offense, the actor terminated his complicity, under circumstances manifesting a complete and voluntary renunciation of his criminal purpose.
 (F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense.
Because someone who is guilty of complicity in an offense is punished as if he or she were a principal offender, the burden of proof is just as high as it is for convictions as a principal offender.
Proof of complicity involves three distinct and equally important parts. First, the state of Ohio must prove that someone committed the principal offense. The principal offenses were proven here.
Second, the state must prove that the accomplice helped to make the principal offense occur. The evidence at Mr. Ranson's trial did not demonstrate that Mr. Ranson in any way helped in the use of force necessary for a principal offense of robbery, aggravated robbery and/or felonious assault. Thus, he did not aid or abet in those offenses. Mere presence at the scene of a crime does not establish aiding or abetting. When it came to the use of force, Mr. Ranson was present but not involved.
Third, an accomplice must be proven to have acted "with the kind of culpability required for the commission" of the offense. The complicity statute goes beyond requiring the degree of culpability (purposely, knowingly, recklessly or negligently) required for the commission of the offense to requiring the kind of culpability required for commission of the principal offense. In the context of an ordinary theft offense, the kind of culpability required of an accomplice would be a purpose steal. In the context of an aggravated robbery or robbery, the purpose to use force while committing a theft offense would need to be demonstrated. In the context of a felonious assault, the accomplice must be shown to have knowingly assisted in causing or in the attempt to do physical harm or serious physical harm. Mr. Ranson had none of the above mental states.
If courts persist in upholding convictions which are not supported by the evidence and in sentencing the less culpable offenders the same or worse then the more culpable offenders who make a deal, our whole system of justice becomes warped. Justice should never be equated with or confused with maximizing convictions and periods of incarceration. Justice involves punishing individuals in accord with the misconduct of which they themselves are guilty. Richard Ranson is clearly guilty of less than David O'Dell and David Elkins. The judgment of this court should reflect that difference. Since it does not, I respectfully dissent in part.